JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODY D. KIMBRELL,<br><br>   Plaintiff,<br><br>v.<br><br>POIPU HOLDINGS, LLC,<br><br>   Defendant. | Case No. 2:24-cv-08590-SB-PD<br><br>ORDER OF DISMISSAL FOR LACK OF SUBJECT-MATTER JURISDICTION |

   On October 3, 2024, Plaintiff Jody D. Kimbrell filed this suit against Defendant Poipu Holdings, LLC.  Dkt. No. 1.  Plaintiff, an Illinois citizen, alleges that Defendant is a California limited liability company and relies on diversity as the sole basis for federal jurisdiction.  *Id.*

   Federal courts' subject-matter jurisdiction is limited; courts must "presume[] that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  As the Court has already explained twice, diversity jurisdiction requires complete diversity—i.e., that each plaintiff be a citizen of a different state than each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  An LLC's citizenship is determined by the citizenship of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

   Plaintiff, who bears the burden to establish subject-matter jurisdiction, has not identified Defendant's members or alleged their citizenship.  The Court has twice identified this deficiency and ordered Plaintiff to demonstrate complete diversity by showing that Defendant's members are not citizens of Illinois.  Dkt. No. 15 (ordering Plaintiff to demonstrate complete diversity); Dkt. No. 17 at 1 (ordering Plaintiff to "identify, in writing, the citizenship of each of Defendant's

1

members or explain why she is unable to do so"); *see also id.* ("Failure to timely comply will be construed as consent to dismiss this case without prejudice.").

Despite being given multiple opportunities and filing multiple responses, Plaintiff still has not provided the information ordered. Defendant's filings identify Defendant's principal places of business and note addresses for the LLC and its registered agent, but they do not identify Defendant's members or state their citizenship. Dkt. Nos. 16, 18, 22, 24.

Because Plaintiff has not met her burden to show the existence of complete diversity, the Court is unable to determine that it has jurisdiction. This action is therefore dismissed without prejudice for lack of subject-matter jurisdiction. *See Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (affirming sua sponte dismissal for lack of jurisdiction); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

Date: December 18, 2024

                                                  Stanley Blumenfeld, Jr.
                                                  United States District Judge